## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING

**CHARISSA M. ERDMAN,**

   Plaintiff,

v.               **CIVIL ACTION NO. 5:20-cv-6**
                  **(BAILEY)**

**US REO FUND V, LLC,**
**FIRST FIDELITY REO, LLC,**

   Defendants.

### MEMORANDUM OPINION AND ORDER DENYING
### DEFENDANTS' MOTION TO DISMISS

Pending before this Court is Defendants' Motion to Dismiss [Doc. 10], filed April 20, 2020. The Motion has been fully briefed and is ripe for decision. For the reasons that follow, the Motion will be **DENIED**.

### BACKGROUND

This case arises out of a contract for the sale of a home and associated financing. According to the Complaint, plaintiff purchased a home in Follansbee, West Virginia from defendants in July of 2014; defendants also provided a consumer loan to plaintiff for the purchase. [Doc. 1-2 at 2]. In the spring of 2017, plaintiff "came home to find a man in her home" who claimed to have purchased the property at a tax sale. [Id. at 3]. Plaintiff alleges defendants failed to pay the property taxes, provide notice of the tax sale, and otherwise mishandled plaintiff's escrow account. [Id. at 4]. Accordingly, plaintiff brought this case in the Circuit Court of Brooke County asserting causes of action for breach of contract, breach of fiduciary duty, fraud, unfair debt collection in violation of W.Va. Code §§ 46A-2-122, et seq., and assessment of illegal late fees in violation of W.Va. Code

§§ 46-A-3-112 or 113. *See* [Id.].

On April 20, 2020, defendants brought the instant Motion to Dismiss, arguing that plaintiff failed to timely serve either within 120 days of filing the Complaint, as required by the West Virginia Rules of Civil Procedure, or within 90 days of removal, as required by Federal Rule of Civil Procedure 4(m). [Doc. 11 at 2-3]. In response, plaintiff argues that this motion is untimely because it was not raised before the defendants filed an answer, that defendants have waived objection for the same reason, and that good cause exists for the failure to timely serve. *See* [Doc. 15]. Specifically, plaintiff argues that because neither defendant was registered with the Secretary of State's Office as required by law, plaintiff attempted service through a variety of methods, eventually serving the CEO of each defendant by personal service after the state deadline had passed. [Id. at 2-3]. Plaintiff argues that defendants failure to register with the Secretary of State contributed to the difficulty in obtaining an address for service of process. [Id. at 8-9].

## **LEGAL STANDARD**

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant **or** order that service may be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Under the clear language of the rule, this Court may allow the plaintiff further time to effect service.

Where a court would dismiss an action for failure to effect timely service, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Rule 6(b)(1)(B) provides that an extension of time may be granted

for an act that may or must be done within a specified time for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

"In determining whether to dismiss for insufficient service of process, courts apply the same test for 'good cause' under Rule 4(m) and for 'excusable neglect' under Rule 6(b)(2)." *Hines v. Northern West Virginia Operations*, 2009 WL 1328817, at *1 (N.D. W.Va. May 12, 2009) (Stamp, J.). Under either rule, "a plaintiff must show good faith and some reasonable basis for the failure to effect service during the time specified in the rules. A court may find such a showing where the plaintiff has attempted but not completed service, where the plaintiff was confused about the requirements of service, or where circumstances beyond the plaintiff's control prevented service." *Id.* (citations omitted).

"The determination of whether a party's inaction is a result of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Bolus v. Fleetwood RV, Inc.*, 308 F.R.D. 152, 157 (M.D.N.C. 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). These circumstances include: "(i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's *pro se* status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended." *Robinson v. G D C, Inc.*, 193 F.Supp.3d 577, 580 (E.D. Va. June 21, 2016).

## ANALYSIS

Here, this Court finds that defendants Motion is not untimely, and defendants have not waived objection to service of process. "By failing to raise a defense identified in Rule 12(h)(1) either in a pre-answer motion or in its answer, a defendant 'waives that defense and submits to the personal jurisdiction of the court....'" *Hager v. Graham, No.* Civ. Act. No. 5:05-CV-129, 2010 WL 753242, at *1 (N.D. W.Va. Mar. 2, 2010) (Stamp, J.) (quoting *Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991)). Here, defendants raised insufficient service of process in their Answer, thus preserving the defense. [Doc. 5 at 10]. Although plaintiff contends the instant Motion is untimely, this Court agrees with defendant that "First Fidelity could not move to dismiss this cause of action for defective service of process until Plaintiff's ninety (90) days expired without Plaintiff perfecting her otherwise defective service of process." [Doc. 19 at 4].

However, the Motion will be denied as this Court finds that good cause exists for any failure to timely serve. According to defendants, they received service, albeit untimely, in the state court action on December 13, 2020. [Doc. 11 at 3]. It is clear plaintiff acted in good faith in attempting to serve defendants, attempting to serve the only address available to her after finding defendants were not registered with the Secretary of State's office. [Doc. 15 at 2]. Further, plaintiff asserts that "any dismissal is not on the merits and, therefore, would be without prejudice and subject to refiling for a period of one year under W.Va. Code § 55-2-18." [Id. at 4]. This Court agrees and, accordingly, finds that defendants have not been prejudiced by the failure to timely serve.

4

## **CONCLUSION**

Upon consideration of the above, Defendants' Motion to Dismiss **[Doc. 10]** is **DENIED**.

It is so **ORDERED**.

**DATED**: July 6, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE