IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

CHARISSA M. ERDMAN,

    Plaintiff,

v.                                                                                      Civil Action No. 5:20-cv-6
                                                                                     Honorable John Preston Bailey

US REO FUND V, LLC, and
FIRST FIDELITY REO, LLC

    Defendants.

## RENEWED MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Rule 83.4(c), the West Virginia Rules of Professional Conduct, and this Court's October 7, 2020 Order Denying Without Prejudice Motion to Withdraw As Counsel of Record ("Order"), the undersigned counsel, J. Mark Adkins, Joshua A. Lanham, and the law firm of Bowles Rice LLP ("Counsel") respectfully move this Court for leave to withdraw from representation of Defendants US REO Fund V, LLC and First Fidelity REO, LLC (collectively, "First Fidelity") for the reasons set forth below:

1.     First Fidelity retained Counsel to represent First Fidelity in the above-styled suit brought by Charissa M. Erdman ("Plaintiff").

2.     Pursuant to Rule 1.16(b) of the West Virginia Rules of Professional Conduct, a lawyer may withdraw from representing a client if:

> (1)     withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2)     the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3)     the client has used the lawyer's services to perpetrate a crime or fraud;

>    (4)   the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
>    (5)   the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
>    (6)   the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
>    (7)   other good cause for withdrawal exists.

3.   Counsel believes good cause exists to permit the withdrawal of counsel under several independent bases contained in Rule 1.16(b), including the bases specifically set forth in subsections (4), (5), and (6).

4.   Counsel has provided notice of the Motion to Withdraw as Counsel and this Renewed Motion to Withdraw as Counsel to First Fidelity.

5.   Counsel complied with all applicable ethical rules in its communications with First Fidelity concerning the termination of Counsel's representation of First Fidelity in the above-styled civil action.

6.   Counsel complied with the terms of this Court's October 7, 2020, Order Denying Without Prejudice Motion to Withdraw as Counsel of Record. [*See* Doc. No. 29]. In support, counsel submits the attached Exhibit 1. [*See* October 7, 2020 Lt. from Adkins, Esq. to Farouk Sheikh and Omar Norman, attached hereto as Exhibit 1.][1]

---

[1] Because this letter contains privileged communications, First Fidelity has filed a Motion for *In Camera Review* seeking an Order from this Court that it will review *in camera* the attorney-client communications contained in the letter.

7.      First Fidelity has not voiced any objection to counsel's expressed intent of Counsel to withdraw.  Any prejudice suffered by First Fidelity may be cured by allowing First Fidelity reasonable time to obtain new counsel.

8.      Plaintiff opposed counsel's first Motion to Withdraw.  [*See* Doc. No. 28.] Plaintiff claimed that she would be prejudiced generally if First Fidelity were to proceed *pro se* and that withdrawal would present an obstacle to receiving responses to the pending discovery. [*See id.*]  Any prejudice suffered by Plaintiff may be cured by allowing First Fidelity reasonable time to obtain new counsel, granting First Fidelity's Motion for a Protective Order, and/or amending the scheduling order.  Counsel submits that any remaining prejudice suffered by Plaintiff is outweighed by the necessity of withdrawal.

9.      First Fidelity's last-known address and telephone number are as follows: P.O. Box 295, Bogota, New Jersey 07603 and (201) 530-5104.

Accordingly, for the foregoing reasons, and pursuant to Local Rule 83.4(c) and the West Virginia Rules of Professional Conduct, J. Mark Adkins, Joshua A. Lanham, and Bowles Rice LLP respectfully request that they be permitted to withdraw from the representation of First Fidelity in the above-styled civil action.

                                                                First Fidelity REO, LLC and US REO
                                                                FUND V LLC,

                                                                By Counsel,

/s/ *J. Mark Adkins*
J. Mark Adkins (WVSB #7414)
Joshua A. Lanham (WVSB #13218)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia 25325-1386
(304)  347-1100
Fax: (304) 347-1746

madkins@bowlesrice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

CHARISSA M. ERDMAN,

    Plaintiff,

v.                                      Civil Action No. 5:20-cv-6
                                            Honorable John P. Bailey

US REO FUND V, LLC, and
FIRST FIDELITY REO, LLC

    Defendants.

## **CERTIFICATE OF SERVICE**

        I, J. Mark Adkins, hereby certify that on the **8th day of October 2020**, the *Renewed Motion to Withdraw as Counsel* was filed via the Court's ECF system, and was served via United States Mail, postage prepaid, to the following counsel of record:

        James G. Bordas, Jr., Esquire
        Jason E. Causey, Esquire
        BORDAS & BORDAS PLLC
        1358 National Road
        Wheeling, West Virginia  26003
        *Counsel for Plaintiff*

and via email to:

        Omar Norman
        Farouk Sheikh
        Onorman@ffreo.com
        Farouk@ffreo.com

                                          /s/ *J. Mark Adkins*
                                          J. Mark Adkins (WVSB #7414)

12232026.1