## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**CHARISSA M. ERDMAN**,

        Plaintiff,

   v.                                                      **Civil Action No. 5:20-CV-6**
                                                               Judge Bailey

**US REO FUND V, LLC** and
**FIRST FIDELITY REO, LLC**,

        Defendants.

## ORDER GRANTING DEFAULT JUDGMENT

Pending before this Court is Plaintiff's Motion for Sanctions Including Default Judgement [Doc. 38], filed December 17, 2020. There has been no response from the defendants.

1. The plaintiff filed this action in the Circuit Court of Brooke County on July 3, 2017, but did not achieve service until December 13, 2019.

2. On January 13, 2020, the defendants, through counsel, removed this action to this Court [Doc. 1].

3. On January 14, 2020, this Court issued a First Order and Notice Regarding Discovery and Scheduling Conference [Doc. 4].

4. The defendants filed their answer on January 21, 2020 [Doc. 5].

5. On February 26, the parties filed their Report of Rule 26(f) planning meeting [Doc. 6].

6. On March 2, 2020, this Court entered its scheduling order [Doc. 7].

7. On March 10, 2020, the defendants filed the certificate of service to their Rule 26(a)(1) disclosures [Doc. 9].

8. On April 20, the defendants filed a motion to dismiss [Doc. 10], which, after briefing, was denied on July 6, 2020 [Doc. 20].

9. On August 21, 2020, plaintiff served a notice of deposition to be taken on September 23 [Doc. 22], but upon request agreed to reschedule the deposition.

10. Plaintiff served her interrogatories and requests for production on September 8, 2020, answers to which were due on October 11, 2020 [Docs. 24 & 25].

11. Plaintiff's counsel requested a new date for the deposition multiple times from defense counsel but no date was provided.

12. Accordingly, plaintiff was later forced to set the deposition for October 13, 2020–the original discovery cut off date.

13. In the meantime, on October 5, 2020, defense counsel moved to withdraw [Doc. 27], which motion was denied without prejudice on October 7, 2020, due to failure to provide certain information to the defendants [Doc. 29].

14. On October 8, 2020, defense counsel filed a second motion to withdraw, together with a request that this Court review certain documents *in camera* [Docs. 30 & 31].

15. That same day, the defendants also asked for a protective order [Doc. 32].

16. On October 15, 2020, the Court granted then defense counsel's motion to withdraw and stayed discovery for 30 days to allow the defendant to obtain new counsel [Doc. 36].

17. New defense counsel has not appeared and no discovery has been provided

to date.

18. By letter dated November 25, 2020, mailed to the service address provided by former defense counsel in his papers seeking to withdraw, plaintiff's counsel requested discovery responses by December 4, 2020 [Doc. 38-1].

19. Also, on November 25, 2020, plaintiff's counsel served a Second Amended Notice of Videotaped Rule 30(b)(7) Deposition and scheduled a deposition of defendants' corporate representative for December 11, 2020 to occur at plaintiff's counsel's Wheeling office.  The notice also provided a Zoom or other agreeable video conferencing option and asked defendants to contact plaintiff's counsel to make such arrangements [Doc. 38-2].

20. No discovery answers were provided on December 4 or since.

21. Likewise, no communication was received prior to the deposition.

22. On December, 11, 2020, plaintiff's counsel appeared for the deposition with a qualified court reporter.  However, the Defendants did not appear [Doc. 38-2].

23. Over 30 days have passed since the filing of the motion, with no response by the defendants.

24. Civil Rule 37(d) provides in relevant part that a court may "order sanctions if: (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."

25. "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)."

26. These include "(i) directing that the matters embraced in the order or other

designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; [or] (vi) rendering a default judgment against the disobedient party."

27. In addition, a corporate defendant cannot appear *pro se*. *See*, **United States v. Green**, 966 F.2d 1445 (4th Cir. 1992).

28. A corporation is an artificial entity that can act only through agents, cannot appear *pro se* and must be represented by counsel. *See,* **Plazzo v. Gulf Oil Corp.**, 764 F.2d 1381, 1385 (11th Cir. 1985), *cert. denied*, 474 U.S. 2058 (1986).

29. These defendants have showed no interest in participating in discovery, litigating or negotiating this matter. They did not obtain new counsel pursuant to the Court's order. They did not answer written discovery. They did not show up for their own deposition.

30. This Court has carefully considered the various sanctions provided in in Rule 37(b)(2)(A)(i)–(vi), and finds that the only sanction applicable and effective in the light of such recalcitrance is the entry of default judgment.

For the reasons stated above, Plaintiff's Motion for Sanctions Including Default Judgement [**Doc. 38**] is **GRANTED**. It is hereby **ORDERED** that the defendant's answer be stricken and that default judgment be entered against the defendants.

This Court will set this matter for a bench trial. Plaintiff's counsel is directed to

provide the Court with at least three suggested weeks for trial.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this order to all counsel of record and to mail a copy to the defendants.

**DATED**: January 20, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE