IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**CHARISSA M. ERDMAN,**

    **Plaintiff,**

v.                                    **Civil Action No. 5:20-CV-6**
                                          **Judge Bailey**

**US REO FUND V, LLC,** and
**FIRST FIDELITY REO, LLC,**

    **Defendants.**

## ORDER

On February 25, 2021, came the Plaintiff, Charissa M. Erdman, and her counsel, Jason E. Causey, pursuant to notice, for a bench trial on damages relating to her complaint filed against the Defendants, US REO Fund V, LLC and First Fidelity REO, LLC. There was no appearance by the Defendants at the February 25, 2021 hearing, against whom a default judgment was entered by the Court on January 20, 2021.

Whereupon the Plaintiff, by counsel, made a brief opening statement, called witnesses, and introduced exhibits.

Upon consideration whereof, the Court makes the following findings of fact and conclusions of law:

1.    Generally, upon default "all the material allegations of the plaintiff's complaint are to be taken as true, so that a judgment by default can be properly rendered without proof of the plaintiff's claim, except as may be required to establish damages." It is, therefore, unnecessary to take proof of liability of the defaulting defendant. "If the allegations of a plaintiff's complaint are sufficient on their face to make out a valid claim

for the relief requested, the plaintiff, on the entry of a default against the defendant, need not offer evidence to support those allegations." 46 Am. Jur. 2d, *Judgments* § 282; *see also* 8 A.L.R. 3d 1070, *Necessity of taking proof as to liability against defaulting defendant* § 3[a]("by virtue of his default the defendant is deemed to have admitted the truth of the well-pleaded allegations of the plaintiff's complaint, and any further proof would be superfluous"). Accordingly, the Court has taken as true the facts set forth in the Plaintiff's complaint.

2. In July of 2014, Plaintiff Charissa Erdman desired to purchase a home for her family, including her then husband and two children.

3. On July 18, 2014, Plaintiff entered into a contract with Defendants to purchase her home at 864 Allegheny Street, Follansbee, WV, on a land contract for $24,014. The contract was marked and entered into evidence as **Exhibit 1**.

4. The contract required a deposit payment and monthly payments of $340, inclusive of escrow funds for taxes and insurance.

5. Plaintiff also executed a promissory note in favor of REO FUND in the face amount of $23,264 which accrues interest at 10% annually. The promissory note is a "consumer loan" as defined by the West Virginia Consumer Credit and Protection Act ("WVCCPA"). First Fidelity serviced the subject loan. The promissory note was marked and entered into evidence as **Exhibit 2**.

6. The monthly payment on the loan was $250 for principal and interest. Accordingly, $90 of the total payment was to cover escrow for taxes and insurance. A good faith estimate provided to the Plaintiff shows that $65 was to go to real estate taxes

and $25 for hazard insurance. The total monthly payment with escrow was $340. The good faith estimate was marked and entered into evidence as **Exhibit 3**.

7.   The land contract further provides that seller will pay all existing unpaid property taxes and redeem the property, if necessary. The contract also provides that Plaintiff is only responsible for taxes levied during the term of the contract. Any existing taxes at the time of sale would necessarily and customarily be the responsibility of the seller.

8.   Plaintiff faithfully made her monthly payments on the subject loan and land contract, including the additional amounts for escrow for taxes and insurance.

9.   The land contract and promissory note provide for late fees in amounts that exceed that permitted by West Virginia law.

10.   Plaintiff paid one such late fee.

11.   Without warning or notice of any kind from Defendants or otherwise, Plaintiff came home to find a man in her home in April of 2017.

12.   The man claimed to have purchased the property at a tax sale and that the redemption period had expired.

13.   Despite their contractual obligations and the acceptance of Plaintiff's escrow payments, Defendants failed to pay the property taxes owed on Plaintiff's home and allowed it to be sold to a third party. Defendants provided no notice of this to the Plaintiff.

14.   As a direct and proximate result of the negligent and/or intentional conduct of the Defendants, Plaintiff has lost her home and suffered financial loss, annoyance, inconvenience, aggravation, embarrassment and emotional distress.

15. On July 3, 2017, Plaintiff filed a complaint against the Defendants which was removed to this Court on January 30, 2020, alleging the following claims:

   a. Breach of Contract
   b. Breach of Fiduciary Duty
   c. Common Law Fraud
   d. Unfair Debt Collection under W.Va. Code §§ 46A-2-127 & 128
   e. Assessment of Illegal Late Fees under W.Va. Code §§ 46A-3-112 and/or 113

16. The Defendants initially answered the complaint but after their counsel withdrew from the case failed to obtain new counsel, respond to discovery or appear at their own duly noticed depositions. Accordingly, the Plaintiff moved for sanctions including default judgment.

17. On January 20, 2021, this Court entered an Order granting a default judgment and later set a damages hearing for February 25, 2021. The Defendants did not appear at the damages hearing.

18. Under Count II and III of the Complaint, the Plaintiff alleges she suffered annoyance, aggravation, inconvenience, anxiety, stress, embarrassment, mental anguish, and emotional distress. The Court heard testimony regarding the challenging circumstances that the Defendants' misconduct placed the Plaintiff and her family in and her resulting emotional state.

19. Under Counts I, II and III of the Complaint, the Plaintiff alleges she suffered financial and pecuniary losses. The evidence presented in this regard can be summarized as follows:

4

   a. The loss of her home for which the price was $24,014, and Plaintiff estimates that she invested at least another $4,000 in materials renovating the home. The valuable labor for the work done on the property was undertaken by the Plaintiff and her father.

   b. Plaintiff made a down payment of $750 and 32 payments of $340 each toward the purchase of the home. The payments total $10,880.

   c. Plaintiff has paid rent for two years or 24 months since being forced to vacate the subject property at the rate of $500 and rent for the last 8 months at $550 a month. The total rent cost is $16,400.

   d. The face amount of the promissory note is $23,264.

20. In consideration of the evidence presented, the Court finds the following calculation of compensatory damages for Counts I, II, and III:

   a. Materials to renovate the home: $4,000.

   b. Time spent working to renovate the home: $4,000.

   c. Down payment and monthly payments made on the home: $11,630.

   d. Difference in rent per month minus what she was making in house payments: $5,520.

   e. Anxiety, stress, and emotional damages: $25,000.

   f. **Total: $50,150.**

21. The Complaint also included a Count for punitive damages. Under West Virginia law, punitive damages are available "where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear." *Smith v. Perry*, syl. Pt. 1, 178 W. Va. 395, 396, 359 S.E.2d 624, 624 (1987). The Court finds it appropriate to award twice the compensatory damages for Counts II and III in punitive damages: **$100,300**.

22. Counts IV and V of the Complaint pertain to violations of the WVCCPA for which Plaintiff seeks civil penalties for each violation of the code. Under the present version of W.Va. Code § 46A-5-101, a consumer who is aggrieved by a violation of the consumer law provisions regarding illegal, fraudulent or unconscionable conduct, or any prohibited debt collection practice, is entitled to recover a statutory penalty in the amount of $1,000 for each violation.

23. Plaintiff's complaint describes these violations in paragraph 40 as "charging Plaintiff for escrow to pay taxes that was not used for the stated purpose, misrepresenting or giving false implications or impressions (and failing to keep the Plaintiff reasonably and accurately informed) as to the character, extent, amount and status of the loan and land contract, otherwise mishandling of escrow funds, and representing or implicating that illegal fees may be added to the loan or actually assessing illegal fees."

24. Plaintiff contends there are at least 34 consumer law violations. The Court heard testimony that Plaintiff made 32 payments that were represented to include an amount for the payment of property taxes and done so under the implication that property taxes had been and were being paid by Defendants. It is evident to the Court that no such amount was used to pay property taxes, and the collection of a phony escrow for taxes amounts to violations of W.Va. Code §§ 46A-2-127(d)&(g)(prohibiting "any false representation or implication of the character, extent or amount of a claim against a consumer" and "any representation that an existing obligation of the consumer may be increased by the addition of ... any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation") and W.Va. Code

6

§ 46A-2-128 (generally prohibiting the "use unfair or unconscionable means to collect or attempt to collect any claim.") On thirty-two separate occasions, the Defendants collected payments from the Plaintiff for the represented purpose of paying her property taxes with no effort or apparent intent of the Defendants to pay such taxes. Accordingly, the Court finds thirty-two (32) violations of the WVCCPA in this regard.

25. The Court finds two additional violations of the WVCCPA. First, the Court finds the Defendants violated W.Va. Code § 46A-3-112(1)(a), which limits delinquency or late charges to "five percent of the unpaid amount of the installment, not to exceed $30." Five percent of the $340 installment payment is $17. The evidence presented indicates the parties contracted for a $25 charge and it was assessed once. Accordingly, the Court finds that contracting for the $25 late charge violates § 46A-3-112 and later assessing it violates W.Va. Code §§ 46A-2-127(d)&(g) and 46A-2-128(d).

26. Accordingly, the Court awards $1,000 as a statutory penalty for each of the 34 violations pursuant to W.Va. Code § 46A-5-101, for a total of **$34,000.**

27. West Virginia Code § 46A-5-101 also authorizes a consumer to recover actual damages suffered as a result of the violations.

28. The Court finds that the Plaintiff suffered actual damages. The Court heard the testimony of Plaintiff, Charissa Erdman, who testified that she paid $65 per month for 32 months toward a phony tax escrow, which computes to $2,080, plus an addition $8 overcharge of late fees.

29. Accordingly, the Court awards the sum of **$2,088** in actual damages for the WVCCPA claims.

7

It is accordingly **ORDERED**, **DECREED**, and **ADJUDGED** that the Plaintiff, Charissa Erdman, recover of and from the Defendants, US REO Fund V, LLC and First Fidelity REO, LLC, the total sum of **$186,538**, representing all damages and penalties awarded to the Plaintiff.

Plaintiff's counsel is to submit any fee petition under W.Va. Code § 46A-5-104 and other applicable authority within 14 days of the entry of this order.

Post judgment interest at the statutory rate shall run on the full amount of this judgment.

It is so **ORDERED**.

**DATED:** March 4, 2021.

John Preston Bailey,
**United States District Judge**